

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. WR-70,722-03

EX PARTE TILON LASHON CARTER, Applicant

ON APPLICATION FOR POST-CONVICTION WRIT OF HABEAS CORPUS
IN CAUSE NO. C-371-011057-0949973-B
IN THE 371ST JUDICIAL DISTRICT COURT
TARRANT COUNTY

*Per curiam.*

**O R D E R**

In November 2006, a jury found Applicant guilty of the offense of capital murder. *See* TEX. PENAL CODE § 19.03(a). Based on the jury's answers to the statutory punishment questions set out in Texas Code of Criminal Procedure Article 37.071, the trial court sentenced Applicant to death.[1] This Court affirmed Applicant's conviction and sentence on direct appeal. *Carter v. State*, No. AP-75,603 (Tex. Crim. App. Jan. 14,

---

[1] Unless otherwise indicated, all references in this order to Articles refer to the Texas Code of Criminal Procedure.

2009) (not designated for publication). We denied relief on Applicant's initial post-conviction application for a writ of habeas corpus. *Ex parte Carter*, No. WR-70,722-01 (Tex. Crim. App. Dec. 15, 2010) (not designated for publication).

On May 8, 2017, Applicant filed in the trial court his first subsequent application for a writ of habeas corpus. After reviewing the application, this Court determined that two of the claims raised met the dictates of Article 11.071 § 5, and we remanded the claims to the trial court for a review on the merits. *Ex parte Carter*, No. WR-70,722-03 (Tex. Crim. App. Sept. 27, 2017) (not designated for publication).

It has been more than three years since we remanded the application to the trial court. Accordingly, we order the trial court to resolve any remaining issues in the case within 60 days from the date of this order. The clerk shall then immediately transmit the complete writ record to this Court. Any extensions of time shall be requested by the trial judge, or on his or her behalf, and obtained from this Court.

IT IS SO ORDERED THIS THE 13TH DAY OF JANUARY, 2021.

Do Not Publish